TENDERED
FOR FILING

FEB 26 2013

DEBORAH S. HUNT, Clerk

**Case No. 10-1453**

IN THE UNITED STATES COURT OF APPEALS FOR
THE SIXTH CIRCUIT

FILED

MAY 24 2013

DEBORAH S. HUNT, Clerk

CLIFTON E. JACKSON and CHRISTOPHER M.
SCHARNITZKE,

*Plaintiffs - Appellants,*

v.

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., COCA-
COLA ENTERPRISES, INC., and DR. PAUL DROUILLARD,

*Defendants - Appellees.*

On appeal from the United States District Court
for the Eastern District of Michigan
(Hon. Nancy G. Edmunds, United States District Judge)

**BRIEF OF AMICUS CURIAE PUBLIC CITIZEN, INC. IN SUPPORT OF
PLAINTIFFS-APPELLANTS CLIFTON E. JACKSON AND
CHRISTOPHER M. SCHARNITZKE URGING REVERSAL**

Allison M. Zieve
Jehan A. Patterson
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Attorneys for Amicus Curiae*
*Public Citizen, Inc.*

February 26, 2013

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 & 29(c)(1), amicus curiae Public Citizen, Inc. states that it has no parent corporation and that no publicly held corporation owns 10% or more of Public Citizen, Inc.

i

**TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ........................................................ i

TABLE OF AUTHORITIES ............................................................................... iii

INTEREST OF AMICUS CURIAE ......................................................................1

SUMMARY OF ARGUMENT .............................................................................2

ARGUMENT .......................................................................................................3

    I.   FRAUDULENT DENIAL OF WORKER'S COMPENSATION BENEFITS IS AN INJURY TO PROPERTY UNDER RICO........................3

    II.  HOLDING THAT PLAINTIFFS HAVE PROPERLY PLEADED AN INJURY TO PROPERTY UNDER § 1964(c) IS CONSISTENT WITH THE HOLDINGS OF THIS AND OTHER COURTS OF APPEALS. ........................................................................................8

CONCLUSION ..................................................................................................12

CERTIFICATE OF COMPLAIENCE WITH RULE 32(a)

CERTIFICATE OF SERVICE

Case: 10-1453    Document: 216    Filed: 05/24/2013    Page: 4

## TABLE OF AUTHORITIES

**Cases**

*American Manufacturers Mutual Insurance Co. v. Sullivan,*
526 U.S. 40 (1999)................................................................................4

*Bradley v. Phillips Petroleum Co.,*
527 F. Supp. 2d 625 (S.D. Tex. 2007), *aff'd*, 337 F. App'x 397
(5th Cir. 2009) ...........................................................................11, 12

*Brown v. Cassens Transport Co.,*
675 F.3d 946 (6th Cir. 2012) ...............................................................3, 4, 5

*Darrick Enterprises v. Mitsubishi Motors Corp.,*
Civ. No. 05-4539, 2007 WL 6813810 (D.N.J. Jan. 19, 2007) ........................7

*Diaz v. Gates,*
420 F.3d 897 (9th Cir. 2005) ...................................................................10

*Drake v. B.F. Goodrich Co.,*
782 F.2d 638 (6th Cir. 1986) ...................................................................8, 9

*Estate of Wyatt v. WAMU/JP Morgan Chase Bank,*
Civ. No. 09-14919, 2012 WL 933289 (E.D. Mich. Mar. 20, 2012)................7

*Evans v. City of Chicago,*
434 F.3d 916 (7th Cir. 2006) ...................................................................9

*Franks v. White Pine Copper Division, Copper Range Co.,*
375 N.W.2d 715 (Mich. 1985) ...................................................................4

*Garcetti v. Ceballos,*
547 U.S. 410 (2006).................................................................................1

*Grogan v. Platt,*
835 F.2d 844 (11th Cir. 1988) ...................................................................9, 10

*Leach v. Federal Deposit Insurance Co.,*
   860 F.2d 1266 (5th Cir. 1988) ...................................................................4

*Logan v. Zimmerman Brush Co.,*
   455 U.S. 422 (1982)..................................................................................4

*Magnum v. Archdiocese of Philadelphia,*
   253 F. App'x 224 (3d Cir. 2007)....................................................3, 11, 12

*Maio v. Aetna, Inc.,*
   221 F.3d 472 (3d Cir. 2000) ......................................................................5

*Public Citizen Health Research Group v. Chao,*
   314 F.3d 143 (3d Cir. 2002) ......................................................................1

*Reiter v. Sonotone Corp.,*
   442 U.S. 330 (1979)...............................................................................5, 6

*Sedima, S.P.R.L. v. Imrex Co., Inc.,*
   473 U.S. 479 (1985)..................................................................................5

*Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.,*
   559 U.S. 393 (2010)..................................................................................1

*Stein v. Federal Department Stores,*
   498 N.W.2d 252 (Mich. Ct. App. 1993)....................................................4

*Von Bulow v. Von Bulow,*
   634 F. Supp. 1284 (S.D.N.Y. 1986) ........................................................10

*Williams v. Hofley Manufacturing Co.,*
   424 N.W.2d 278 (Mich. 1988) ..............................................................4, 6

*Williamson v. Mazda Motor of America, Inc.,*
   131 S. Ct. 1131 (2011)..............................................................................1

**Statutes and Rules**

18 U.S.C. § 1964(c) ..........................................................................2, 3, 5, 9, 10

Fed. R. Civ. P. 53(a)(1)(B) ....................................................................................8

Case: 10-1453    Document: 216    Filed: 05/24/2013    Page: 6

**INTEREST OF AMICUS CURIAE**

Public Citizen, Inc., a non-profit advocacy organization with approximately 300,000 members and supporters nationwide, appears before Congress, federal agencies, and the courts to advocate for workers' rights, consumer protections, and access to the courts. Since its founding more than forty years ago, Public Citizen has represented the interests of workers as counsel for plaintiffs or amici in cases including *Garcetti v. Ceballos*, 547 U.S. 410 (2006) (whistleblower protection), and *Public Citizen Health Research Group v. Chao*, 314 F.3d 143 (3d Cir. 2002) (worker safety). Public Citizen also has represented parties and amici in many cases concerning individuals' access to the civil justice system. *E.g.*, *Williamson v. Mazda Motor of Am., Inc.*, 131 S. Ct. 1131 (2011) (preemption of common-law claims); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (right to bring a class action). Public Citizen attorneys also served as Supreme Court co-counsel in opposing the petition for certiorari in *Cassens Transport Co. v. Brown*, U.S. No. 08-1375. The question addressed in this amicus brief—whether workers who are fraudulently denied the worker's compensation benefits to which they are legally entitled have suffered an injury to property within the meaning of the Racketeer Influenced and Corrupt Organizations Act (RICO)—implicates both of these important areas of concern.

1

All parties have consented to the filing of this brief. No counsel for any party authored this brief in whole or part. Apart from Public Citizen, no person, including parties or parties' counsel, contributed money intended to fund the preparation and submission of this brief.

## SUMMARY OF ARGUMENT

This case presents the issue whether an injury to a property interest that arose following a physical injury can form the basis of a RICO claim, which must be based on an injury to "business or property." 18 U.S.C. § 1964(c). Plaintiffs Clifton E. Jackson and Christopher M. Scharnitzke allege that defendants, their employer Coca-Cola Enterprises, Inc. (Coca-Cola), the worker's compensation claims administrator Sedgwick Claims Management Services, Inc. (Sedgwick), and Dr. Paul Drouillard, perpetrated a fraudulent scheme to deny them the worker's compensation benefits to which they were entitled after they suffered work-related physical injuries. Plaintiffs allege that defendants used the mail in furtherance of their scheme, falsely representing Jackson's and Scharnitzke's eligibility for worker's compensation benefits, issuing medical reports that falsely asserted that Jackson's injuries were not related to his job, and denying their claims for benefits in the face of credible medical evidence attesting to the cause and severity of their injuries.

2

As this Court held in *Brown v. Cassens Transport Co.*, 675 F.3d 946, 958-59, 965 (6th Cir. 2012), plaintiffs' claim is based on a property interest under Michigan law and, therefore, on an injury to property within the meaning of RICO. Although the property injury would not have arisen had plaintiffs not experienced a physical injury first, plaintiffs are not seeking damages for that physical injury in this suit. They seek damages attributable to the alleged fraudulent scheme. Notably, plaintiffs have not alleged that their *physical* injuries were caused by the wrongful acts of defendants.

Further, the holding in *Brown* is consistent with decisions of this Court and other courts of appeals interpreting the scope of § 1964(c). As the courts have recognized, where state law recognizes a property interest, an injury to that interest may form the basis of a RICO claim, even where the property injury is derived from a physical injury.

## ARGUMENT

## I.  FRAUDULENT DENIAL OF WORKER'S COMPENSATION BENEFITS IS AN INJURY TO PROPERTY UNDER RICO.

Section 1964(c) of RICO confers standing to sue on any individual "injured in his business or property by reason of a violation of [18 U.S.C.] section 1962 ...." Because RICO does not define property, courts "look to state law to determine whether a particular interest is 'property' within the meaning of § 1964(c)." *Magnum v. Archdiocese of Phila.*, 253 F. App'x 224, 228 (3d Cir.

3

2007) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982)); *Brown*, 675 F.3d at 957 ("Whether a person has a 'property interest' is traditionally a question of state law." (citation omitted)); *Leach v. Fed. Deposit Ins. Co.*, 860 F.2d 1266, 1274 n.14 (5th Cir. 1988) ("Any definition of the term 'property,' an inherently state law-related term, should look to state law." (citation omitted)).

As this Court held in *Brown*, under Michigan law, a claim for worker's compensation benefits is a property interest. *Brown*, 675 F.3d at 963; *see also Williams v. Hofley Mfg. Co.*, 424 N.W.2d 278, 288 (Mich. 1988) (recognizing that worker's compensation applicants have a property interest in claims); *Stein v. Fed. Dep't Stores*, 498 N.W.2d 252, 255 (Mich. Ct. App. 1993) (finding that statutory procedure to challenge amount of worker's compensation benefits adequately protected plaintiff's property interest in correct calculation of benefits).[1] A statutory entitlement to benefits is also a property interest under federal law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 60 (1999) (citing cases) (holding that recipients of federal welfare and disability benefits have statutorily created property interests in those benefits). Because, here, plaintiffs allege that defendants' unlawful conduct deprived them of worker's compensation benefits to

---

[1] *Cf. Franks v. White Pine Copper Div., Copper Range Co.*, 375 N.W.2d 715, 722-23 (Mich. 1985) ("Workers' compensation benefits are social-welfare income-maintenance benefits ... [and] are not property protected by the [federal Constitution] ... from substantive changes by subsequent legislation ...."), *superseded by statute on other grounds*, 1987 Mich. Pub. Acts 28.

4

which they were entitled, plaintiffs have pleaded an injury to property under Michigan law and, thus, within the meaning of § 1964(c).

Defendants' argument that plaintiffs have not suffered an injury to property turns on the point that "[t]he phrase 'business or property' ... retains restrictive significance" that excludes recovery for personal injuries. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) (discussing identical language in § 4 of the Clayton Act); *see also Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 509 (1985) (Marshall, J., dissenting) ("[RICO] excludes recovery for personal injuries."). This restriction "helps to assure that RICO is not expanded to provide a federal cause of action and treble damages to every tort plaintiff." *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000) (citations and internal quotation marks omitted). Agreeing with defendants' point, the dissent in *Brown* argued that limiting the inquiry to whether an alleged injury is a property interest under state law "ignores the determinative fact that the damages sought in worker's compensation cases derive from personal injuries." *Brown*, 675 F.3d at 970.

That argument fails to reconcile plaintiffs' allegations of injury with the text of § 1964(c). Plaintiffs do not allege that they suffered physical workplace injuries "by reason of" defendants' fraudulent scheme. Rather, the complaint states an independent injury to a property interest caused by the alleged scheme to avoid obligations under the worker's compensation statute. Although the statutory

5

entitlement would not exist had plaintiffs not experienced a physical injury first, denying recovery for an injury to "an intervening legal entitlement … as the result of an independent RICO fraud," *id.* at 961, simply because that entitlement "derive[s] from personal injuries," *id.* at 970, would effectively rewrite § 1964(c) by imposing an extra-textual limitation on standing. Indeed, plaintiffs' complaint shows that they do not seek damages for personal injuries, but damages for the allegedly wrongful denial of the entitlement subsequently incurred from defendants' conduct.

Defendants predict a raft of federal RICO lawsuits threatening to upend state worker's compensation schemes that will transform district courts into administrative tribunals if this Court upholds *Brown*. Although defendants' policy arguments "cannot govern [this Court's] reading of the plain language" in § 1964(c), *see Reiter*, 442 U.S. at 345, they are, in any event, meritless. First, if the allegations are correct, defendants' scheme, and not the filing of this lawsuit, threatens the functioning of the worker's compensation system, which reflects a careful balance by Michigan's legislature between providing for the economic security and welfare of its workers and protecting the state's businesses from tort litigation. *See Williams*, 424 N.W.2d at 284 (describing the worker's compensation statute as "the product of an historic compromise in which employers relinquished their common-law defense, employees sacrificed their right to full common-law

6

damages, and both gained a system in which claims could be resolved in a more simplified, orderly, and assured manner."). Permitting plaintiffs' RICO claims to move forward will not amount to an end-run around the administrative regime, but instead will preserve the property interest that Michigan has granted its workers.

Second, the notion that recognizing that plaintiffs may state a RICO claim in these circumstances will "force the federal courts to become 'super' workers-compensation tribunals to review every denial of benefits" as "every conceivable result in a contested workers-compensation case … can give rise to a RICO claim," Drouillard Pet. 10, ignores the significant hurdles to pleading a civil RICO claim—hurdles not overcome by alleging a mere denial of benefits. *See, e.g., Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, Civ. No. 09-14919, 2012 WL 933289, at *6-*9 (E.D. Mich. Mar. 20, 2012) (detailing the types of allegations necessary to sustain RICO claim and concluding that "RICO claims are difficult to plead correctly."); *Darrick Enters. v. Mitsubishi Motors Corp.*, Civ. No. 05-4539, 2007 WL 6813810, at *3 (D.N.J. Jan. 19, 2007) (recognizing complexity of RICO and difficulty in pleading claim).

Nor will adjudicating these types of claims turn district courts into the Article III equivalent of administrative claims tribunals. To begin with, the injunctive relief sought in plaintiffs' amended complaint can be awarded only by a court, not through the administrative worker's compensation system. Moreover, a

7

district court could decide issues concerning RICO liability—whether defendants perpetrated a scheme to deny Coca-Cola's employees the worker's compensation benefits to which they were entitled by means of fraudulent medical reports and other communications—and appoint a special master to determine damages for each plaintiff as a result of an injury to those benefits. *See* Fed. R. Civ. P. 53(a)(1)(B) (authorizing district court to appoint special master to make findings of fact and compute damages). Indeed, defendants' grim view of the implications of the legal theory advanced by Jackson and Scharnitzke is not borne out by the facts: Of the eight similar cases that Coca-Cola has identified, only one was filed *after* the decision rendered in *Brown*, *Lusczki v. Cassens Transport Co.*, No. 12-14608 (E.D. Mich. filed Oct. 17, 2012), thus belying Coca-Cola's claims that *Brown* will usher a "new wave of actions [that] will impose a substantial burden on the federal courts." Coca-Cola Pet. 12.

## II.   HOLDING THAT PLAINTIFFS HAVE PROPERLY PLEADED AN INJURY TO PROPERTY UNDER § 1964(c) IS CONSISTENT WITH THE HOLDINGS OF THIS AND OTHER COURTS OF APPEALS.

The decision in *Brown* recognizing that the denial of worker's compensation benefits is an injury to property that entitles plaintiffs to sue under RICO is consistent with this Court's decision in *Drake v. B.F. Goodrich Co.*, 782 F.2d 638 (6th Cir. 1986), and with decisions of other courts of appeals that have interpreted the "business or property" clause of § 1964(c).

8

As defendants have argued, courts have rejected RICO claims where defendants' conduct was alleged to have caused personal injury. In *Drake*, for example, the plaintiffs sought to assert RICO claims based on a theory that the defendant's concealment of the health risks associated with exposure to toxic chemicals resulted in personal injuries and deaths. *Drake*, 782 F.2d at 639. This Court, affirming the district court's denial of a motion to amend the complaint, held that RICO was "inapplicable to the instant case" because the plaintiffs sought pecuniary damages for personal injuries and death that were caused by the defendants' "violation of RICO's substantive provisions." *Id.* at 644. *See also Evans v. City of Chicago*, 434 F.3d 916, 927 (7th Cir. 2006) (holding that plaintiff's lost employment income was "nothing more than an indirect, or secondary effect, of the personal injuries that he allegedly suffered" as a result of defendants' conduct and therefore, was not sufficient to establish an injury to property under § 1964(c)); *Grogan v. Platt*, 835 F.2d 844, 848 (11th Cir. 1988) (holding that, where defendants' actions resulted in physical injuries and death, RICO was not available for "pecuniary losses that are most properly understood as part of a personal injury claim.").

At the same time, the courts recognize that losses that would not have been incurred but for personal injuries nonetheless may be recoverable under RICO if those losses stem from cognizable property interests. *See Evans*, 434 F.3d at 928

9

("Where an employee is able to establish that he has been unlawfully deprived of a property right in promised or contracted for wages, the courts have been amenable to classifying the loss of those wages as injury to 'business or property.'"); *Grogan*, 835 F.2d at 848 ("Without ruling on hypothetical cases, we can conceive of [property] injuries resulting from murder for which recovery would be possible" (citing *Von Bulow v. Von Bulow*, 634 F. Supp. 1284, 1309 (S.D.N.Y. 1986) (finding plaintiff's inability to alter her will because she was comatose following defendant's murder attempt to be injury to property interest under RICO))). Thus, the Seventh and Eleventh Circuits, like this Court in *Brown*, recognize that deprivation of a property interest, even one that arises after a personal injury, may satisfy the 'business or property' clause of § 1964(c).

The Ninth Circuit's case law is likewise consistent with these cases. In *Diaz v. Gates*, 420 F.3d 897, 902 (9th Cir. 2005) (en banc), the plaintiff alleged that the defendants' conduct caused both personal and property injuries. The Ninth Circuit held that the plaintiff could not recover under RICO for "the personal injury of false imprisonment." *Id.* On the other hand, *Diaz* held that the plaintiff's allegations that the defendants' actions caused him to lose his job and deprived him of other employment opportunities, both of which formed the basis of "established [property] torts under California law," established an injury to property for purposes of RICO, *id.* at 900-01, even though, but for the false imprisonment, he

10

would not have lost his job or been denied the opportunity to look for new employment. Thus, like *Brown*, *Diaz* holds that injuries to property interests, even those that would not have occurred but for a personal injury, are redressable under RICO.

Moreover, the cases cited by the *Brown* dissent do not categorically reject the view that diminishment or deprivation of a cause of action can constitute a property interest under § 1964(c). *Magnum v. Archdiocese of Phila.*, 253 F. App'x 224 (3d Cir. 2007); *Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625 (S.D. Tex. 2007), *aff'd*, 337 F. App'x 397 (5th Cir. 2009). Rather, in each case, the holding turned on the fact that the relevant state's law did not recognize the interest asserted to be a property interest. In *Magnum*, the plaintiffs alleged a RICO claim premised on a scheme to conceal from them the existence of personal injury claims. The court held that, because the plaintiffs' personal injury claims were not property interests under state law, plaintiffs' loss of an opportunity to bring tort claims based on personal injury did not establish an injury to property for purposes of RICO. *Magnum*, 253 F. App'x at 228. In *Bradley*, the district court found that the plaintiffs did not have a viable personal injury claim and therefore did not have to decide whether the concealment of such claims was a property interest under Texas law. *Bradley*, 527 F. Supp. 2d at 646. Although the district court stated in dicta that fraudulent concealment of "the existence of viable personal injury causes

11

of action … does not constitute an injury cognizable under RICO," *id.* at 647, that statement, as in *Magnum*, reflects the court's view that the plaintiffs sought damages for personal injury and invoked RICO to avoid the expired statute of limitations on their personal injury claims. *Id.* at 640-41; *Magnum*, 253 F. App'x at 226. Neither *Magnum* nor *Bradley* suggests that, where a plaintiff's RICO claim is based on injury to a property interest recognized under state law, the claim should be dismissed if a physical injury began the chain of events that led to the injury to property.

In short, the decision in *Brown* follows the same approach as the other circuit courts, looking to state law to determine whether an alleged RICO claim is based on an injury to property. In light of Michigan law, this Court should hold that defendants' fraudulent denial of plaintiffs' worker's compensation benefits constitutes an injury to property for purposes of § 1964(c).

## CONCLUSION

For the foregoing reasons, the Court should hold that plaintiffs have alleged injury to property under RICO.

February 26, 2013                    Respectfully submitted,

/s/ Allison M. Zieve
Allison M. Zieve
Jehan A. Patterson
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009

(202) 588-1000

*Attorneys for Amicus Curiae*
*Public Citizen, Inc.*

13

**CERTIFICATION OF COMPLIANCE WITH RULE 32(a)**

I certify that this brief complies with Federal Rule of Appellate Procedure 32 because this brief is no more than one-half the maximum length (25 pages) for Plaintiffs-Appellants' supplemental brief as set forth in the Court's January 18, 2013 Order and therefore complies with the page limitations for amicus curiae briefs set forth in Federal Rule of Appellate Procedure 29(d).

/s/ Allison M. Zieve

## CERTIFICATION OF SERVICE

I certify that on February 26, 2013, a true and correct copy of the foregoing

Brief of Amicus Curiae Public Citizen, Inc. was served on all parties to this appeal,

via CM/ECF, pursuant to Sixth Circuit Rule 25(d), because counsel for all parties

will be served electronically by the Notice of Docket Activity.

Marshall D. Lasser
MARSHALL LASSER, P.C.
P.O. Box 2579
Southfield, MI 48073

Jeffrey T. Stewart
Benjamin J. Wilensky
SEIKALY & STEWART, P.C.
30300 Northwestern Hwy., Suite 200
Bloomington Hills, MI 48334

*Counsel for Appellants*

Kathleen H. Klaus
MADDIN HAUSER WARTELL ROTH &
HELLER, P.C.
28400 Northwestern Hwy., 3rd Floor
Southfield, MI 48034
*Counsel for Appellee Sedgwick Claims
Management Services, Inc.*

Matthew F. Leitman
Thomas W. Cranmer
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
840 West Long Lake Road
Troy, MI 48098
*Counsel for Appellee Coca-Cola
Enterprises, Inc.*

Daniel B. Tukel
BUTZEL LONG
150 W. Jefferson Avenue, Suite 100
Detroit, MI 48226
*Counsel for Appellee Dr. Paul
Drouillard*

/s/ Allison M. Zieve