TENDERED
FOR FILING

APR 2 9 2013

DEBORAH S. HUNT, Clerk

FILED

MAY 2 4 2013

DEBORAH S. HUNT, Clerk

No. 10-1453

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

CLIFTON JACKSON ET AL.,

*Plaintiffs - Appellants,*

v.

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., ET AL.,

*Defendants – Appellees.*

On appeal from the United States District Court for the
Eastern District of Michigan, Case No. 2:09-CV-11529
Judge Nancy G. Edmunds

## BRIEF OF *AMICI CURIAE* CASSENS TRANSPORT COMPANY, CRAWFORD & COMPANY, AND DR. SAUL MARGULES IN SUPPORT OF APPELLEES AND AFFIRMANCE

Janet E. Lanyon
John W. Bryant
Kenneth W. Zatkoff
DEAN & FULKERSON, P.C.
801 W. Big Beaver #500
Troy, MI 48084
(248) 362-1300

Charles A. Rothfeld
Brian J. Wong
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
(202) 263-3000

*Counsel for Cassens and Crawford*

Jeffrey C. Gerish
PLUNKETT COONEY
38505 Woodward Avenue
Bloomfield Hills, MI 48304
(248) 901-4031

*Counsel for Crawford*

Timothy R. Winship
THE WILLIAMS FIRM, P.C.
8263 S. Saginaw St., #6
Grand Blanc, MI 48439
(810) 695-7777

*Counsel for Dr. Margules*

# Disclosure of Corporate Affiliations
# and Financial Interest

Sixth Circuit
Case Number: 10-1453        Case Name: Jackson v. Sedgwick Claims Mgmt.

Name of counsel:   Charles A. Rothfeld

Pursuant to 6th Cir. R. 26.1, Cassens Transport Company
*Name of Party*
makes the following disclosure:

1.     Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

No. Cassens Transport Company is wholly owned by Cassens Corporation. No publicly held company owns 10% or more of the stock of Cassens Transport Company or Cassens Corporation.

2.     Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

N/A

## CERTIFICATE OF SERVICE

I certify that on _____ April 29, 2013 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Charles A. Rothfeld

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

6CA-1
8/08                                                         Page 1 of 2

# Disclosure of Corporate Affiliations
# and Financial Interest

Sixth Circuit
Case Number: 10-1453          Case Name: Jackson v. Sedgwick Claims Mgmt.

Name of counsel: Charles A. Rothfeld

Pursuant to 6th Cir. R. 26.1, Crawford & Company
<i>Name of Party</i>

makes the following disclosure:

1.      Is said party a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

> No. Crawford & Company has no parent company and is publicly traded. No publicly held company owns 10% or more of the stock of Crawford & Company.

2.      Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If yes, list the identity of such corporation and the nature of the financial interest:

> N/A

---

## CERTIFICATE OF SERVICE

I certify that on _____ April 29, 2013 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Charles A. Rothfeld

---

This statement is filed twice:  when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents.  See 6th Cir. R. 26.1 on page 2 of this form.

6CA-1
8/08                                  Page 1 of 2

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

INTEREST OF THE *AMICI CURIAE* ............................................................. 1

SUMMARY OF ARGUMENT ........................................................................... 2

ARGUMENT ...................................................................................................... 3

    A.    The majority view is that RICO does not permit recovery for pecuniary losses that flow from personal injuries ................................. 3

    B.    *Brown*'s interpretation of RICO's "business or property" requirement cannot be squared with RICO's text and purposes ........ 11

CONCLUSION ................................................................................................... 13

Case: 10-1453    Document: 218    Filed: 05/24/2013    Page: 4

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alexander v. Boone Hosp. Ctr.*,
2011 WL 6337703 (W.D. Mo. Dec. 19, 2011)...................................................4

*Bradley v. Phillips Chemical Co.*,
337 F. App'x 397 (5th Cir. 2009) ................................................................7, 8

*Bradley v. Phillips Chemical Co.*,
527 F. Supp. 2d 625 (S.D. Tex. 2007)........................................................8, 10

*Brown v. Cassens Transport Co.*,
675 F.3d 946 (6th Cir. 2012), *cert. denied*, 2013 WL 1285322..................*passim*

*Burnett v. Al Baraka Inv. & Dev. Corp.*,
274 F. Supp. 2d 86 (D.D.C. 2003)...................................................................4

*Circiello v. Alfano*,
612 F. Supp. 2d 111 (D. Mass. 2009).............................................................4

*DeMauro v. DeMauro*,
115 F.3d 94 (1st Cir. 1997).........................................................................13

*Diaz v. Gates*,
420 F.3d 897 (9th Cir. 2005) .....................................................................8, 9

*Doe v. Roe*,
958 F.2d 763 (7th Cir. 1992) ...................................................................6, 13

*Evans v. City of Chicago*,
434 F.3d 916 (7th Cir. 2006) ...........................................................3, 6, 8, 9

*Fisher v. Halliburton*,
2009 WL 5170280 (S.D. Tex. Dec. 17, 2009)....................................................8

*Frey v. Maloney*,
476 F. Supp. 2d 141 (D. Conn. 2007)..............................................................4

*Gaines v. Tex. Tech Univ.*,
965 F. Supp. 886 (N.D. Tex. 1997) .................................................................8

*Grogan v. Platt,*
   835 F.2d 844 (11th Cir. 1988) ...................................................................4, 5, 9

*Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.,*
   547 U.S. 651 (2006)...........................................................................................11

*Jackson v. Sedgwick Claims Mgmt. Servs., Inc.,*
   699 F.3d 466 (6th Cir. 2012) .........................................................................1, 12

*Keller v. Strauss,*
   480 F. App'x 552 (11th Cir. 2012) ......................................................................5

*Le Paw v. BAT Indus. P.L.C.,*
   1997 WL 242132 (E.D.N.Y. Mar. 6, 1997)........................................................4

*Magnum v. Archdiocese of Philadelphia,*
   253 F. App'x 224 (3d Cir. 2007) ........................................................7, 8, 9, 10

*Patterson v. Mobil Oil Corp.,*
   335 F.3d 476 (5th Cir. 2003) ...............................................................................8

*Pilkington v. United Airlines,*
   112 F.3d 1532 (11th Cir. 1997) ...........................................................................5

*Pratt v. Ventas, Inc.,*
   365 F.3d 514 (6th Cir. 2004) .............................................................................10

*Reiter v. Sonotone Corp.,*
   442 U.S. 330 (1979).............................................................................................5

*Rylewicz v. Beaton Servs., Ltd.,*
   888 F.2d 1175 (7th Cir. 1989) .............................................................................6

*Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.,*
   460 U.S. 533 (1983).............................................................................................9

*Vavro v. Albers,*
   2006 WL 2547350 (W.D. Pa. Aug. 31, 2006).....................................................7

*Woods v. Interstate Realty Co.*,
  337 U.S. 535 (1949)......................................................................................10

*Zimmerman v. Poly Prep Country Day Sch.*,
  888 F. Supp. 2d 317 (E.D.N.Y. 2012) ...........................................................4

**STATUTES**

18 U.S.C. § 1964(c) .............................................................................................1

**OTHER AUTHORITIES**

Michigan's Workers' Compensation Disability Act, MICH. COMP. L.
  §§ 418.131(1), 418.301(1).............................................................................11

Edward M. Welch, *Worker's Compensation in Michigan: Law and Practice*
  § 1.2 (4th ed. 2001).......................................................................................11

## INTEREST OF THE *AMICI CURIAE*[1]

Counsel for plaintiffs-appellants has brought a number of other suits asserting the same basic legal theory—*i.e.*, that various employers, claims adjudicators, and doctors engaged in a pattern of racketeering activity to deny valid workers' compensation claims. The *amici* are defendants in one such case, *Brown v. Cassens Transport Co.*, 675 F.3d 946 (6th Cir. 2012), *cert. denied*, 2013 WL 1285322. In *Brown*, the panel majority concluded that an employee who sustained a physical injury asserts an injury to "business or property" sufficient to confer standing under RICO, 18 U.S.C. § 1964(c), by alleging that he was wrongfully denied workers' compensation benefits for that physical injury.

Two of the three judges who joined the lead opinion in the instant case did so only because they were bound by the decision in *Brown*. *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 699 F.3d 466, 487 (6th Cir. 2012) (Batchelder, C.J., concurring, joined by Guy, J.). The *amici* have an obvious and compelling interest in how this Court resolves the RICO standing issue before it. If the *en banc* Court determines that pecuniary losses flowing from work-related personal injuries do *not* constitute an injury to "business or property," then the complaint in *Brown* necessarily would have to be dismissed. More broadly, *amici* have an interest in

---

[1]   No counsel for any party authored this brief in whole or in part. Apart from the *amici*, no person (including the parties or their counsel) contributed money that was intended to fund preparing or submitting this brief.

1

the effective functioning of workers' compensation schemes nationally. The *Brown* decision's outlier gloss on RICO's injury to "business or property" requirement would substitute litigation for the streamlined administrative process that is now a central feature of workers' compensation in every State.

## SUMMARY OF ARGUMENT

In *Brown*, a divided panel of this Court held that plaintiffs may invoke RICO to seek redress for the allegedly wrongful denial of workers' compensation benefits. According to plaintiffs and their *amicus curiae*, Public Citizen, that holding is "consistent" with the decisions of other courts of appeals. Pls.' Supp. Br. 10-11; Public Citizen Br. 3, 8. But that plainly is not so, and for the *en banc* Court to adopt *Brown*'s interpretation of RICO's injury to "business or property" requirement would unnecessarily deepen a conflict among the federal courts. *See* Point A, *infra*. As Judge Gibbons put it, such a holding would "depart[] from precedents of [the Sixth Circuit's] sister circuits," which consistently have held "that pecuniary damages flowing from . . . personal injuries" constitute "personal injuries, not damages to property," and thus are not cognizable under RICO. *Brown*, 675 F.3d at 971 (Gibbons, J., dissenting).

The result in *Brown* also cannot be squared with RICO's text and purposes. *See* Point B, *infra*. In defending that ruling, plaintiffs and Public Citizen assert that workers' compensation benefits constitute a "property interest" under Michigan

2

law, and treat that state-law inquiry as dispositive of whether RICO's injury to "business or property" requirement is satisfied. Pls.' Supp. Br. 5-8; Public Citizen Br. 3-6. But this reasoning ignores that the allegedly withheld benefits are simply compensation for plaintiffs' underlying injuries—injuries that undoubtedly are personal in nature. Congress well knew that personal injuries often cause pecuniary losses, yet it did not elect to allow recovery under RICO for all injuries, whatever form they might take. Thus, it is plaintiffs and their *amicus curiae* who seek to ignore RICO's statutory text and thereby "read the 'restrictive significance[]' of the 'business or property' standing requirement out" of the statute. *Evans v. City of Chicago*, 434 F.3d 916, 938 n.23 (7th Cir. 2006).

## ARGUMENT

### A. The majority view is that RICO does not permit recovery for pecuniary losses that flow from personal injuries.

The federal courts are sharply divided as to the meaning of RICO's "business or property" requirement, with the majority holding that a RICO claim may *not* be premised upon personal injuries or their economic consequences. Plaintiffs and their *amicus curiae* downplay this conflict, and they erroneously assert that *Brown* is "consistent" with decisions of other courts. *E.g.*, Public Citizen Br. 8-12. The *en banc* Court should not adopt the permissive reading of RICO's "business or property" language articulated in *Brown*. Instead, it should hold, in

3

accord with the majority view, that a plaintiff who has suffered a loss that derives or flows from an underlying personal injury may not maintain a RICO claim.

1. The Third, Fifth, Seventh, and Eleventh Circuits endorse the interpretation of RICO urged by defendants here and rejected by the majority in *Brown*.[2] The leading decision is *Grogan v. Platt*, 835 F.2d 844 (11th Cir. 1988), in which the Eleventh Circuit held that the plaintiffs failed to establish an "injury to business or property" when they pleaded that they lost income as a result of injuries suffered in a gun battle with defendants. The *Grogan* court held that the "ordinary meaning of the phrase 'injured in his business or property' excludes

---

[2] Federal district courts nationwide similarly have held that a RICO claim may not be premised upon personal injuries or the economic consequences flowing from them. *See, e.g., Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317, 329 (E.D.N.Y. 2012) ("The overwhelming weight of authority interprets [the 'injury to business or property' language] to exclude the economic consequences of personal injuries."); *Alexander v. Boone Hosp. Ctr.*, 2011 WL 6337703, at *2 n.2 (W.D. Mo. Dec. 19, 2011) ("[M]ost courts thus far [have] rul[ed] that pecuniary losses stemming from personal injury claims are non-compensable under RICO."); *Circiello v. Alfano*, 612 F. Supp. 2d 111, 114-15 (D. Mass. 2009) (loss of a "claim for medical malpractice" not cognizable since "damages from an unliquidated personal injury lawsuit are not 'property' within the meaning of the RICO statute," even if the claim were "a 'property interest' cognizable under Massachusetts law"); *Frey v. Maloney*, 476 F. Supp. 2d 141, 161 (D. Conn. 2007) (holding that "damages arising from" physical harm "'or any economic aspect of such harm' . . . are not recoverable under RICO"); *Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86, 101-02 (D.D.C. 2003) (predicting that the D.C. Circuit would hold that "pecuniary losses that are derivative of personal injuries are not 'business or property' injuries under RICO"); *Le Paw v. BAT Indus. P.L.C.*, 1997 WL 242132, at *2 (E.D.N.Y. Mar. 6, 1997) ("financial consequences" to a "non-compensable physical injury" do not support a RICO claim).

personal injuries, including the pecuniary losses therefrom." *Id.* at 847. This interpretation of RICO was, the Eleventh Circuit noted, consistent with the Supreme Court's interpretation of "similar language" in the Clayton Act that likewise permits recovery only for injuries to "business or property." *Id.* at 847 & n.7 (citing *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979)).

The *Grogan* court acknowledged "that recovery for personal injury has pecuniary aspects." 835 F.2d at 847. But far from showing that all "pecuniary losses that are part of personal injuries constitute injury to 'business and property,'" these incidental consequences of any personal injury pointed to the opposite reading of the statute. *Id.* Many RICO predicate acts—for example, arson and murder—foreseeably will "involve[e] bodily injury, injury to reputation, mental or emotional anguish, or the like, *all of which will cause some financial loss.*" *Id.* (quotation marks omitted). If Congress meant to allow RICO recovery for such harms, "it could have enacted a statute referring to injury generally, without any restrictive language." *Id.* (quotation marks omitted). That it did not, the Eleventh Circuit concluded, demonstrated that "pecuniary losses are so fundamentally a part of personal injuries that they should be considered something *other* than injury to 'business or property.'" *Id.* (emphasis added).[3]

---

[3] *Accord Keller v. Strauss*, 480 F. App'x 552, 554 (11th Cir. 2012) ("personal injury and resulting pecuniary losses are not cognizable under RICO"); *Pilkington*

(footnote continued)

5

The Seventh Circuit agrees that "pecuniary losses incurred as a result of . . . a personal injury" are "not the type of injury that the RICO laws were designed to address." *Evans*, 434 F.3d at 928-29. After publicizing allegations of police misconduct, the plaintiff in *Evans* was on several occasions arrested without probable cause. *Id.* at 920-21. He tried to show an "injury to business or property" under RICO by pointing to his "loss of income" while he was "maliciously prosecuted." *Id.* at 926. The Seventh Circuit was not persuaded. It held that "pecuniary losses flowing from . . . personal injuries are insufficient to confer standing" under RICO. *Id.* As a consequence, the court added, "pecuniary losses derivative of a underlying, non-compensable personal injury . . . cannot constitute an independent grounds for RICO standing." *Id.* at 930 n.26. Because the plaintiff's claimed "loss of employment income" in *Evans* was "nothing more than an indirect, or secondary effect, of [his] personal injuries," that "claim [did] not constitute a cognizable injury to 'business or property.'" *Id.* at 927.[4]

The Third and Fifth Circuits have explicitly applied this principle—that pecuniary losses that are derivative of personal injuries fall outside RICO's

---

*v. United Airlines*, 112 F.3d 1532, 1536 (11th Cir. 1997) ("pecuniary losses resulting from personal injury . . . [are] not cognizable under RICO").

[4] *Accord Doe v. Roe*, 958 F.2d 763, 770 (7th Cir. 1992) (economic losses that are "derivative[] of [the plaintiff's] emotional distress . . . reflect personal injuries which are not compensable under RICO"); *Rylewicz v. Beaton Servs., Ltd.*, 888 F.2d 1175, 1180 (7th Cir. 1989) ("[N]o recovery [is] permitted under RICO for [the] economic aspects of personal injuries[.]").

6

scope—to the deprivation or impairment of a *legal claim* or *legal entitlement* to recover for losses stemming from such injuries.

In *Magnum v. Archdiocese of Philadelphia*, 253 F. App'x 224 (3d Cir. 2007), the Third Circuit made clear that a "lost opportunity to bring state law personal injury claims . . . is not cognizable as an injury to 'business or property.'" *Id.* at 226. The court explained that even *assuming* a "cause of action indeed may be a form of property" in some contexts, harm to that property is redressable under RICO only "if the plaintiff can allege that the wrong to be vindicated is *itself* an injury to 'business or property.'" *Id.* at 228 (emphasis added). When the "wrong underlying . . . [the] lost opportunity to sue" is a "personal injury" and "does not implicate injury to 'business or property'"—as distinguished, for example, from the loss of a "cause[] of action affecting business interests grounded in contract"— there is no basis for RICO standing. *Id.* at 227-28.[5]

The Fifth Circuit endorsed a similar rule in *Bradley v. Phillips Chemical Co.*, when that court affirmed the dismissal of a RICO claim "[e]ssentially for the reasons stated in the district court's thorough and well-reasoned opinions." 337 F. App'x 397, 399 (5th Cir. 2009) (per curiam). In a factual context analogous to this

---

[5]  *Accord Vavro v. Albers*, 2006 WL 2547350, at *21-22 (W.D. Pa. Aug. 31, 2006) (claims for "lost income" that "derive from . . . the denial of [the plaintiffs'] workers' compensation claim" are "not the type of 'injury' that creates RICO standing"), *aff'd*, 254 F. App'x 134 (3d Cir. 2007).

7

Case: 10-1453    Document: 218    Filed: 05/24/2013    Page: 15

one—involving a claim to compensation for personal injuries in the workplace—the *Bradley* district court held that deprivation of a "right to file intentional tort claims" was not a cognizable injury under RICO. 527 F. Supp. 2d 625, 645 (S.D. Tex. 2007). Relying on *Evans*, *Magnum*, and other decisions, the court concluded that impairment of the ability to pursue causes of action that "seek[] redress for personal injuries" does "not constitute an injury cognizable under RICO." *Id.* at 647. As we have noted, the Fifth Circuit endorsed this "thorough and well-reasoned" analysis. 337 F. App'x at 399.[6]

2.    The Ninth Circuit takes the minority position. In *Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005) (en banc), the Ninth Circuit held—as did the panel majority in *Brown*—that a RICO plaintiff may seek recovery for pecuniary losses that flow from an underlying personal injury so long as the plaintiff also alleges harm to a "property interest valid under state law." *Id.* at 900. But there is no question that the Ninth Circuit's interpretation of RICO's injury to "business or property" requirement departs from that of other courts. The Seventh Circuit has made clear that its stance is "at odds with" that of the Ninth Circuit. *Evans*, 434

---

[6] *Accord Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 492 n.16 (5th Cir. 2003) (expressing doubt about similar claims in dicta); *Fisher v. Halliburton*, 2009 WL 5170280, at *4 (S.D. Tex. Dec. 17, 2009); *Gaines v. Tex. Tech Univ.*, 965 F. Supp. 886, 890 & n.5 (N.D. Tex. 1997).

F.3d at 930 n.26. And in *Diaz* itself, the Ninth Circuit rejected the Eleventh Circuit's *Grogan* decision as "flawed" and declined to follow it. 420 F.3d at 902.

3. In their briefing, plaintiffs and their *amicus curiae* rely on inconsequential factual distinctions in an effort to show that the rule articulated in *Brown* is not an outlier. But their arguments are meritless; they have "confused the factual contours of [a case] for its unmistakable holding." *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 534-35 (1983) (per curiam).

For example, notwithstanding Public Citizen's gloss on *Evans*, the Seventh Circuit's discussion of how Illinois law did not recognize the asserted property interest (*i.e.*, lost wages) was just *one* reason that the RICO claim failed. *Cf.* Public Citizen Br. 9-10. The *Evans* court made clear the plaintiff's failure to satisfy RICO's injury to "business or property" requirement was an *independent* ground for dismissal. 434 F.3d at 929 ("Our conclusion is *bolstered* . . . .") (emphasis added); *id.* at 930 n.26 ("In *addition*[,] . . . .") (emphasis added). Nothing in *Evans* suggests that characterization of something as a property interest under state law is dispositive of the RICO standing inquiry. Quite the contrary: the court stated that it was not bound to accept "a state law definition of 'business or property' . . . so broad that it contravenes Congress' intent in enacting" RICO. *Id.* at 930 n.25.

Likewise, Public Citizen incorrectly characterizes *Magnum* and *Bradley*—which held that the impairment of a legal claim to recover losses stemming from a

9

personal injury falls outside RICO's scope—as applying only when the "relevant state's law" would not recognize the claim as a property interest. *Cf.* Public Citizen Br. 11. They misapprehend the distinction between dicta and an alternative holding. *See Woods v. Interstate Realty Co.*, 337 U.S. 535, 537 (1949); *Pratt v. Ventas, Inc.*, 365 F.3d 514, 521 (6th Cir. 2004). The *Magnum* court's determination that the claims in question were not recognized as "property" under state law was independent of its holding that any harm to state-law causes of action seeking compensation for personal injuries was not cognizable under RICO. *See Magnum*, 253 F. App'x at 228 ("*Even if* Pennsylvania law recognized some property right . . . .") (emphasis added). So too in *Bradley*, where the court stated that "*even if* the [plaintiffs] did have viable . . . tort claims," and "*even if* . . . the lost opportunity to bring a personal injury lawsuit [was] a property right," the plaintiffs still would not have suffered an "injury cognizable under RICO." *Bradley*, 527 F. Supp. 2d at 646-47.

In short, *contra Brown*, the overwhelming majority view is that RICO does not permit a plaintiff to seek redress for the economic consequences of an underlying personal injury, even when the harm asserted is the "impairment" of a legal claim in which state law would recognize a property interest.

10

Case: 10-1453    Document: 218    Filed: 05/24/2013    Page: 18

**B.** ***Brown*'s interpretation of RICO's "business or property" requirement cannot be squared with RICO's text and purposes.**

It is common ground that a personal injury does not fall within RICO's reach. The *Brown* decision misinterprets RICO's "injury to business or property" limitation by dwelling on whether an expectancy of workers' compensation benefits constitutes a "property interest" under state law, without considering the injury for which the benefits are intended to compensate. Plaintiffs and their *amicus curiae* commit the same error. Pls.' Supp. Br. 5-8; Public Citizen Br. 3-6.

This line of reasoning ignores that such benefits are at bottom compensation for a workplace injury of a *personal* nature. This is clear from the text and the structure of Michigan's Workers' Compensation Disability Act, MICH. COMP. L. §§ 418.131(1), 418.301(1), as well as from consideration of the fundamental purpose served by workers' compensation schemes generally—that is, the substitution of a strict-liability compensation scheme for common-law personal-injury actions. *See, e.g., Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 662 (2006) ("[W]orkers' compensation prescriptions . . . substitute for, the common-law tort liability to which employers were exposed for work-related accidents."); Edward M. Welch, *Worker's Compensation in Michigan: Law and Practice* § 1.2 (4th ed. 2001) (explaining that an employer must "compensate a worker for any injury suffered in the course of the worker's employment"). As Chief Judge Batchelder put it, "[a] workplace injury may warrant compensation under the worker's

11

compensation scheme, but a reduction in that compensation is not an independent injury to business or property." *Jackson*, 699 F.3d at 487 (concurring op.).

That plaintiffs contest denial of workers' compensation benefits, rather than directly claim damages for personal injury, does not transform the essential nature of their injuries from those to the person into harm to "business or property." From that it follows that they may not invoke RICO to seek recovery for withheld benefits. Nothing about RICO's broad remedial purposes (*e.g.*, Pls.' Supp. Br. 23-24) "eliminate[s] the requirement to plead an injury to business or property" that appears in RICO's text. *Brown*, 675 F.3d at 969 (Gibbons, J., dissenting).[7]

Thus, although plaintiffs accuse defendants of trying to "inject[]" an extratextual qualifier on RICO's "business or property" language, Pls.' Supp. Br. 10, it is actually they who have departed from the statute's plain language. Plaintiffs ignore that RICO's "statutory language . . . requires an examination of the origins of an injury," and that in this case, their injuries are essentially personal

---

[7] Plaintiffs assert that allowing RICO claims to proceed furthers RICO's remedial purposes and will make workers' compensation scheme function "better" by discouraging fraud. Pls.' Supp. Br. 23-24. This is just wrong. To begin with, RICO claims are unnecessary to protect workers from fraudulent benefit denials because workers' compensation systems already contain a variety of administrative and judicial mechanisms to ferret out and remedy fraud. *See* Br. of Michigan et al. at 10-12, No. 12-622, *available at* 2012 WL 6607880. Moreover, the *Brown* decision's expansive reading of "business or property" will disrupt the basic *quid pro quo*—providing no-fault compensation for workplace injuries in exchange for making workers' compensation the exclusive remedy for such injuries—that is the central feature of workers' compensation systems. *Id.* at 4-10.

in nature. *Brown*, 675 F.3d at 970 n.2 (Gibbons, J., dissenting). That Michigan law may characterizes workers' compensation benefits as a "property" interest in a different context and for a different purpose does not change the underlying nature of that injury. It is settled that the federal courts need not "adopt a state interpretation of 'business or property' if it would contravene Congress' intent in enacting RICO," as recognizing plaintiffs' claim here would do. *Doe*, 958 F.2d at 768; *accord DeMauro v. DeMauro*, 115 F.3d 94, 96 (1st Cir. 1997).

## CONCLUSION

The district court's dismissal of the complaint should be affirmed because plaintiffs have not alleged an injury to "business or property" under RICO.

Dated: April 29, 2013

Respectfully submitted,

 s/ Charles A. Rothfeld

Janet E. Lanyon
John W. Bryant
Kenneth W. Zatkoff
DEAN & FULKERSON, P.C.
801 W. Big Beaver #500
Troy, MI 48084
(248) 362-1300

Charles A. Rothfeld
Brian J. Wong
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
(202) 263-3000

*Counsel for Cassens and Crawford*

Jeffrey C. Gerish
PLUNKETT COONEY
38505 Woodward Avenue
Bloomfield Hills, MI 48304
(248) 901-4031

Timothy R. Winship
THE WILLIAMS FIRM, P.C.
8263 S. Saginaw St., #6
Grand Blanc, MI 48439
(810) 695-7777

*Counsel for Crawford*

*Counsel for Dr. Margules*

Case: 10-1453     Document: 218     Filed: 05/24/2013     Page: 21

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

I hereby certify that this brief complies with the page limitations of Rules 29(d) and 32(a)(7) because it is 12.5 pages, and therefore no more than one-half the maximum length authorized by the Court's January 18, 2013 letter for the principal brief of defendants-appellees (25 pages).

I further certify that this brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in Word using 14-point Times New Roman.

Dated: April 29, 2013

_/s/ Brian J. Wong_____
Brian J. Wong

Case: 10-1453    Document: 218    Filed: 05/24/2013    Page: 22

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. I further certify that, pursuant to 6th Cir. R. 25(f)(1), service will be accomplished by filing via the CM/ECF system, which will generate and transmit a Notice of Docket Activity to all registered attorneys participating in the case.

/s/ Brian J. Wong
Brian J. Wong